*1813.*

*Philadelphia,*
*Monday,*
*July 12.*

GRATZ *against* PHILLIPS executor of SIMON.

In actions sounding merely in damages, the rule is that the plaintiff cannot recover more than the damages laid in the declaration; but this rule is not applicable to account render, in which the main object of the action is to obtain an account, and judgment for the arrearages, and in which damages are given only *ratione interplacitationis.* A plaintiff in account render may therefore have judgment for the arrearages to a greater amount than the damages laid in the declaration.

THIS was an action of account render, in which the plaintiff in his own right, and also as survivor of *Bernard Gratz,* declared against the defendant as executor of *Joseph Simon,* " that the said *Joseph* in his life time was the " bailiff and receiver of the plaintiff, and had the care and " management of divers lands and tenements of him the said " plaintiff, to make sale thereof for the common profit of the " said plaintiff and *Joseph,* to wit of 1912 acres of land in " the state of *Pennsylvania* &c. and to render a reasonable " account thereof to the said plaintiff when thereunto re- " quired." The declaration then concluded that " the said *Jo-* " *seph,* although often requested, had not rendered any rea- " sonable account thereof, but the same to render wholly had " refused, and the said *Levy Phillips* &c. since his death did " still refuse, to the damage of the said plaintiff *ten thousand* " dollars." Pleas, *ne unques bailiff and receiver,* and fully accounted.

After judgment *quod computet,* the Court appointed auditors, who filed a report awarding to the plaintiff *twelve thousand one hundred and sixty nine dollars and ninety-four cents,* on which final judgment was entered. For this sum and costs execution issued. The defendant paid the 10,000 dollars laid in the declaration; and the plaintiff having proceeded with a *testatum* execution to a levy and condemnation,

*Phillips* for the defendant, obtained a rule to shew cause why the execution levy and condemnation should not be set aside.

*Meredith* and *Rawle* shewed cause. They contended that the rule which prevents a plaintiff from recovering more than the damages laid in the declaration, was confined to actions sounding merely in damages, and did not apply to the action of account render. In this action the judgment is for the arrearages, and damages on account of the interpleading; in the same manner as in *debt,* the judgment is for the amount of the debt, and damages for the detention. So that

in the present case the plaintiff has no judgment for damages, but solely for the amount found in arrear by the auditors; and in every case of account render, though damages cannot be adjudged beyond the amount laid as damages, yet there may be a judgment for the arrears to any amount.

1813.

GRATZ
v.
PHILLIPS.

This is a question purely technical. There is little reason for the rule, even in reference to common cases. There is less in reference to this, where the plaintiff does not know the arrears until the account is rendered. The Court will therefore lean against it, although no case is found directly in point to the distinction suggested. By reference to the books of entries, it appears that the final judgment in account is, that the plaintiff recover the amount found in arrear, " *et damna ratione interplacitationis*." *Sheph. Abr. Account*, Part 1. *p.* 11. 14. 15., *Sheph. Epit.* 78. *Account., Formula Placit.* 123., 1 *Mod. Entries* 43. 66. No costs or damages are recovered upon the first judgment; but after that, if upon issue the verdict be for the plaintiff, " he shall " recover his goods or money demanded, *with* his costs and " damages." 1 *Hughes Abr.* 21. The latter are given in consequence of the defendant's misconduct in not accounting at once; 1 *Mod. Ent.* 44. 56. 70. 71.; for if he offers to account at the return of the writ, he pays no damages, though found in arrear. 7 *Vin. Damages.* 286. *pl.* 29, 30. It seems by some authors to be doubted whether damages are at all recoverable in account. 7. *Vin.* 284. *pl.* 17. 18. 287. *pl.* 38. 41., *Andrews* 19., *Brook's Abr. pl.* 64., 1 *Vin.* 176. *pl.* 6. But the distinction is between being found in arrear generally, and being so found after resisting the plaintiff's claim by pleading. 2 *Bac. Abr. App.* 20., *Collet* v. *Robston* (a), *Harris & Baker's case* (b). In *Godfrey* v. *Saunders* (c), where judgment was given for the plaintiff upon demurrer, the judgment was rendered for 12,000*l.*, the value of the goods laid in the declaration, and also 278*l.* 7*s.* 9*d.* for his damages, as well by reason of the interpleading, as for his costs; and yet the damages laid in the declaration were but 12,000*l.* and of course the recovery exceeded the damages laid. All these authorities shew unequivocally the difference between arrears and damages; that they are not necessarily connected; that they are recovered under different names; and that the

(a) 2 *Leon.* 118.       (b) 1 *Leon.* 802.       (c) 3 *Wils.* 94.

former are specifically found, and not comprehended under the latter. It follows therefore, that in this case the plaintiff has recovered only his arrears, without damages, and that he is intitled to execution for the whole.

*Phillips* and *Dallas* in support of the rule. The general principle is too well established to be shaken at this day, that in personal actions the plaintiff cannot recover more than he has counted for. It is therefore incumbent upon the plaintiff to shew a distinction that will help the present case. Among all the entries and cases produced, there is not one, in which such a distinction is taken; for in all of them the declarations contain the value of the goods for which the defendant is in arrear, and damages are laid to the same amount or greater. When this is the case, there is something analogous to *debt*, and the Court may render judgment for the value, and also for damages. But here no sum or value is laid but the damages, and there is no other amount by which either damage or arrears can be regulated. If the defendant had made default after the first judgment, final judgment would have been entered for the sum laid as damages and nothing more; that is, the judgment would be for the plaintiff as he counted. *Williams* v. *White* (a), 1 *Com. Dig.* 119. *Accompt. E.* 9. And so if there had been judgment against him upon demurrer to an insufficient plea before auditors. 1 *Bac. Abr. Accompt. G.* This is the most satisfactory test of the plaintiff's rights; for if the defendant had confessed judgment, or in any other way without settling the account before auditors, had given the plaintiff the full benefit of his declaration, the judgment could have been for no more than the amount laid. All the precedents that are in the present form, accordingly lay a sum sufficient to cover the arrears, in the same manner that the plaintiff has done. 1 *Wentw.* 81—87.

The result of all the authorities is, that where a value is laid, the plaintiff recovers the amount and damages, though in no case does it appear that the whole, exclusive of costs which are given by way of increase, has ever exceeded the amount of damages laid; that where no value is laid, the damages are the only measure; and that in the latter case,

*(a) Cro. Eliz.* 806.

be *it* as it may in the former, the rule that applies to all personal actions, must govern.

TILGHMAN C. J. In actions sounding merely in damages, the rule is established, that the plaintiff can recover no more than the amount laid in his declaration. If a verdict is found for more, the plaintiff may release the overplus, and take judgment for the amount declared for. If judgment be entered for a greater amount, it is error. In such actions the plaintiff demands nothing but damages, he alleges that the defendant has committed a trespass, or broken his covenant, or refused to, perform his promise, by which damage has been suffered to a certain amount; and as it is presumed that *the plaintiff is the best judge of the damage* sustained, his declaration is taken for conclusive evidence of the *maximum* of that damage. It is a technical rule, which must not now be shaken, although the reason on which it is founded, is certainly in many instances very questionable. But this rule is not applicable to cases not sounding altogether in damages. In an action of debt, the plaintiff declares for the amount of his debt, and besides for damages occasioned by the unjust detention of it. There he recovers the debt, and also damages for the detention, which are quite different things. His debt may be 10,000 dollars, and his damages laid at ten cents; yet he has judgment for 10,000 dollars *debt*, and ten cents damages. In the action of account, he sometimes charges the defendant with the receipt of chattels of a certain value, or money to a certain amount, or as in the present case, with being his bailiff, or receiver of money proceeding from the sale of lands without mentioning the amount; and besides this, he alleges that he has suffered damage by the defendant's not accounting. Now this damage is different from the main object of the action, which is to obtain a settlement of the account, and judgment for the sum found to be in arrear. By keeping this distinction in view, we hold a clue which will lead us to the discovery of the truth. The defendant's error lies in the supposition, that the plaintiff recovers 12,169 dollars 94 cents as *damages*. It is no such thing; he recovers it as the *amount of the arrearages stated by the auditors*, and in truth, he has recovered nothing in nature of damages, except it be the costs of suit. In looking into the

1813.

GRATZ
v.
PHILLIPS.

books, we find some confusion, as to the plaintiff's right to recover damages at all in this action. It is said that damages *are not* recoverable, in 7 *Vin.* 284. *pl.* 17, 18. *ib.* 287. *pl.* 38. 41., 1 *Vin.* 176. *pl.* 6. In other books it is said that damages *are* recoverable. This apparent contradiction may perhaps have arisen in some measure from the peculiar nature of this action, in which two judgments are rendered, first, a *quod computet*, and secondly, a final judgment for the arrearages. Now the first judgment includes no damages, and if upon the issue of never bailiff or receiver, the jury assess damages, no judgment can be given for them. I take the law to be accurately stated in the second volume of the *Appendix to Bac. Abr. pa.* 20. It is there said, " it seems to be " questionable whether in *all* cases damages are recoverable; " but it is clear that if the defendant *resists* the plaintiff's " claim by pleading, or where an increase is received by a " receiver *ad merchandizandum*, there shall be judgment for " damages." In support of this is cited the case of *Collet* v. *Robston*, 2 *Leon.* 118. This action has been so little used of late years, that not much is to be found but in old books. I have examined the ancient books of entries, and find that when the plaintiff lays in his declaration the value of the chattels, and also damages, he obtains judgment for the value, and also for damages, distinguishing each. There is a complete record of an action of account in 3 *Wilson*, *Godfrey* v. *Saunders*, which throws more light on the subject than any case in modern times. There the plaintiff declared that he had delivered to the defendant a quantity of coral of the value of 12,000*l.* and laid his damage at 12,000*l.* After the judgment *quod computet*, the defendant put in a plea before the auditors, to which the plaintiff demurred, and it was decided in favour of the plaintiff; whereupon judgment was entered for 12,000*l.* the *value* laid in the declaration, and also for 278*l.* 7*s.* 9*d.* for the *damages* sustained by the plaintiff, as well by reason of the *interpleading*, as for his costs and charges expended in the suit. Now unless the distinction which I have marked is attended to, here is a recovery to a greater amount than the *damages* laid in the declaration. But it is all plain, when we reflect that the *value* of the chattels is one thing, and the damages by unreasonably resisting the plaintiff's demand is another. The only difference between that case and the one before us is, that

in the former the value is laid in the declaration, but in the latter the declaration mentions no precise sum of money received by the defendant. But this difference appears to me to be unsubstantial. In both cases, the plaintiff demands an account of the money due to him from the defendant, and damages for not rendering that account according to his duty. The sums due from the defendant being once ascertained, either by an implied confession of what was stated in the declaration, as in the case of *Godfrey* v. *Saunders*, or by the report of auditors, as in the case before us, the resemblance between the two cases becomes complete, and nothing remains but to enter a similar judgment in each, that is to say, for the amount of the value laid or of the arrears found, and also for costs of suit under the name of damages. In this view of the subject, the plaintiff is so far from having recovered damages to a greater amount than the 10,000 dollars laid in the declaration, that he has recovered no damages at all, except the costs of suit. I am therefore of opinion, that the rule obtained by the defendant on the plaintiff to shew cause why the execution should not be set aside, should be discharged.

YEATES J. The technical rule, that no man shall recover more damages than he has declared for, I feel binding upon me, unless it shall appear that in the case before us, the rule is not applicable. The arrears found by the auditors due to the plaintiff, exceed the sum laid in the concluding part of the declaration, 2169 dollars 94 cents. The question then is reduced to this, whether these arrears are to be considered as damages in a legal sense.

Much obscurity prevails in the books, as to this form of action; and the counsel have told us that their researches into the entries, as to the point under inquiry, have been unsuccessful. The proceedings in account render are said to be difficult, dilatory and expensive, and the more adequate remedy is found to be in a court of equity. 1 *Bac. Abr. (by Wilson)* 31. In the same book (*pa.* 40) it is laid down, that it seems to be questionable whether in all cases damages are recoverable in account; but it is clear, that if the defendant resists the claim of the plaintiff by pleading, or where an increase is received by a receiver *ad merchandizandum*, there shall be judgment for damages. The authorities are

1813.

GRATZ
v.
PHILLIPS.

cited to these points. We know, however, that when the account is finished, the second judgment is that the defendant pay to the plaintiff so much as he is found in arrear. *Ib.* 40. The precedents adduced by the plaintiff's counsel also shew this, and that damages are not recoverable, except *ratione interplacitationis.* Upon that ground, no damages in this instance have been found by the auditors, or awarded by the Court.

What weighs greatly with me is, that the action of account render in the result bears a much stronger similitude to debt, than to actions of trespass or case, wherein damages are properly recoverable. This will appear in two striking particulars. If the defendant make default after interlocutory judgment at the day assigned by the auditors, final judgment shall be entered for the sum demanded by the plaintiff. *Cro. El.* 806. The same judgment was entered on full consideration upon an insufficient plea entered before auditors, which was adjudged bad upon demurrer. *Godfrey* v. *Saunders,* 3 *Wils.* 117. I know of no form of action sounding in damages, wherein such final judgment has been given either on default or on a vitious plea, without ascertaining the damages by an inquest, or by the prothonotary of the Court, as has happened in some instances. In actions of debt it is sufficient if the damages are laid at any sum whatever.

Another feature of dissimilitude presents itself between account render and actions brought to recover damages. In the latter it is fully settled that a man can only recover according to his right when he instituted his suit. He cannot recover upon a demand which happens to become due, pending his action for another demand of the same nature. But upon a judgment to account, all articles of account, though incurred since the writ, shall be included, and the whole brought down to the time when the auditors make award of the account. 2 *Burr.* 1086. This shews not only the distinction between the two forms of action, but also the difficulty thrown on the plaintiff in account, when he makes an estimate of damages in his declaration.

On these considerations, I have much satisfaction in finding myself authorised to declare, that the arrearages found by the auditors are not damages in a legal point of view, that the technical rule insisted on by the defendant does not apply to this case, and that his motion be denied.

BRACKENRIDGE J. There is reason in the rule that the declaration shall correspond with the writ, the evidence with the declaration, the verdict with the evidence, the judgment with the verdict, and the execution with the judgment. But the day laid in the declaration is holden not to be material. It may be a day even before the cause of action arose. Yet it would seem an absurdity to allege a cause of action to have existed before it did exist. It is not necessary that the place of the contract proved, be the same with that laid. It must be laid to be in the county where the action is brought, and this, though but a fiction, is sustained. There is not a concord in these particulars between the *allegata* and *probata.* Why should the sum laid in the declaration be held to be material? A jury may give less, why not give more, according to the evidence? It is a rule merely technical, and I would have no objection to see it changed. This Court has the power to change it. It is a Court in the dernier resort, and equally competent, by their decision in all rules of practice, with an act of the legislature. The practice of the Court is the law of the Court. I never hear an application of the counsel to enlarge the sum laid, or see them reduced to the necessity of entering a *remittitur* for a part of the damages justly ascertained upon the evidence, and found by the verdict, but I consider the rule in the way of justice. For the party seldom or rather never applies his mind to estimate what damage he may have sustained, but throws a sum into the declaration at random, knowing that it must depend upon the evidence he can produce, what damages he may recover. Out of caution and looking to the rule, if it occurs to him, he is led to allege damages sometimes to a ridiculous amount. It were better that it was considered merely nominal, as it actually is, so far as that the jury never take into view what he has demanded, but what he has proved. The reason therefore does not hold that he is the best judge of his damages, for he does not judge of them at all, or if he does judge, it passes for nothing. And if a man in modesty of mind shall fall below, why shall a court and jury be precluded from considering all his wrong, and doing him justice? He may not really know the extent of his wrong at the time of action brought, or declaration filed. It is on this ground therefore, that without changing the rule, but which I could wish to see changed, that I come previously disposed to cir-

1813.

GRATZ
v.
PHILLIPS.

cumscribe the rule, or restrain it as much as possible. In an action of account render, it is, as has been said by the counsel, an action to compel a settlement. He is supposed not to know what is due, because it is to know what is due that he is pursuing his bailiff or receiver. The judgment is *to account*, and damages for not accounting.

The defect of precedent and obscurity of *dictum*, leaves me at liberty to conceive how the law of this action, as to a sum laid in the declaration, may have been, or ought to be. It could be but a mere guess as to what sum a bailiff or receiver had in his hands, and the sum laid ought to have been considered merely nominal, as it in fact was; or if real, for the vexation of being reduced to the necessity of bringing a suit in order to obtain a settlement. It has no connection with the arrearages of rents, or monies had and received as agent. Instead of pleading never bailiff and receiver, or fully accounted, suppose a defendant to confess judgment, or to let judgment go by *nil dicit*, an appointment of auditors in the nature of a writ of inquiry might still be demanded by the plaintiff to settle the account. The confessing or the not answering, would found a presumption that a greater sum was in the hands of the receiver, than the damages laid for not accounting, and an appointment of auditors ought to be made. But the truth is, I wish to get rid of this rule which is merely technical, altogether, and at this moment I am ready to declare against it. But what can avail my declaring? The *dictum* of a single judge. It may turn out to be something. A small wedge makes way for a greater that splits the block. Those that have the least character to lose in a science, may be the boldest. In medicine some of the best remedies have been introduced by empiricks in the medical science. But there are great names to sanction in the law the rejection of absurd and useless rules. We do not sit here, said *Mansfield*, to take our rules from *Siderfin* and *Keble*. But setting aside the rejecting or changing this rule as to the sum laid, the present case I think distinguishable, being that of an account render where there are two judgments, and the last as to arrearages has no connection with the first. I am therefore against the motion to set aside the levy, execution, &c.

Rule discharged.